## ARTHUR JONES v. STATE.

No. A-9079. Sept. 4, 1936.
(60 Pac. [2d] 814.)

C. H. Madden, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of selling intoxicating liquor and by the court sentenced to imprisonment in the county jail for 30 days and to pay a fine of $50 and costs.

The testimony in this case is brief on the question of the sale of the whisky by the defendant, Arthur Jones.

John Mayhue, testifying for the state, stated he paid one dollar for a short quart of whisky.

"Q. You paid this dollar to a colored man? A. I don't know, it might have been a woman."

Otho Morris, an undersheriff, testified for the state, and was asked:

"Q. You did not see the defendant sell the whisky to Mr. Mayhue? A. No."

Mr. Worrels, for the state, on direct examination testified:

"Q. Did you see the defendant Arthur Jones with any? A. I did not."

On redirect examination the witness stated in answer to the following:

"Q. You said there were two other colored men in the yard? A. They come around the house with Mr. Mayhue.

"Q. Did they come with Mr. Mayhue? A. I don't remember seeing them standing in the yard. I remember them coming up with him."

On recross-examination the witness Worrels was asked:

"Q. You don't know whether Mayhue got the liquor from Jones or some one else? A. No, sir."

The defendant, testifying for himself, admitted he was at home the night the officers were out to his house; denies he saw the witness Mayhue, or that he sold to this man Mayhue whisky, positively stating that "no sale was made by me to Mayhue." He testified further that there were two other colored fellows at the house.

"I was in bed. The officers came out about 11 o' clock. I neither made the sale nor did I authorize the sale to be made around my place."

After a careful reading of the record, we fail to find that any witness in his testimony stated that the whisky was bought from the defendant in this case. The witness Mayhue does not know from whom he bought it, and the other witnesses did not see Mayhue buy any whisky from the defendant, and all admit that at the time they went to the defendant's home there were two other men in and around the house, and when the witness Mayhue came back to the car where the officers were he brought some whisky that he had bought on the defendant's premises; that two men came around the house with him.

The defendant in this case may be guilty, but the evidence is wholly insufficient to convict. The evidence in this case arouses nothing more than a mere suspicion that the defendant sold the whisky to the prosecuting witness, but a defendant cannot be convicted upon suspicion.

The evidence being insufficient to sustain the conviction, the judgment of the trial court is reversed.

DOYLE, J., concurs. EDWARDS, P. J., not participating.